UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL GEORGE PRIOR, JR.,

                Plaintiff,

    v.	9:17-CV-1118
	(BKS/CFH)

FRANKLIN CORRECTIONAL FACILITY; et al.,

                Defendants.

---

APPEARANCES:

MICHAEL GEORGE PRIOR, JR.
Plaintiff, pro se

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

**I.	INTRODUCTION**

    This action was commenced pro se by plaintiff Michael George Prior, Jr. in October 2017. *See* Dkt. No. 1 ("Compl."). Plaintiff, who was confined at Franklin Correctional Facility ("Franklin C.F.") in the custody of the Department of Corrections and Community Supervision ("DOCCS") when he filed this action, was released to parole supervision shortly after filing his complaint. *See* Dkt. No. 3; http://nysdoccslookup.doccs.ny.gov. Plaintiff has paid the $400.00 filing fee for this action in full.

**II.	DISCUSSION**

    Although the Court has the duty to show liberality towards pro se litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and must exercise extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been

served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the Court to determine whether plaintiff may properly proceed with this action. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("When a complaint does not comply with the requirement [of Fed. R. Civ. P. 8] that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, . . . or to dismiss the complaint.").

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, . . . prepare an adequate defense," and determine whether the doctrine of res judicata is applicable. *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (internal quotations and citations omitted). Even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

The "liberal pleading principles" embodied in Rule 8 do not permit dismissal for "failure in a complaint to cite a statute, or to cite the correct one . . . . Factual allegations alone are what matters." *Wynder*, 360 F.3d at 77 (internal quotations and citations omitted). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

By his complaint in this action, plaintiff claims that he was denied proper and adequate medical care during his confinement at Franklin C.F. from approximately September 2014 through October 2017. Compl. at 5. Plaintiff states that he arrived at Franklin C.F. with "spinal injuries" which had been inflicted during his arrest. *Id*. at 5. Plaintiff contends that evaluation and treatment of those injuries was improperly denied and delayed and, as a result, his "health has deteriorated and his symptoms have gotten "much worse." *Id*.[1] Six individuals identified as members of the Franklin C.F. medical staff are named as defendants as are Supt. LaClair, Deputy Supt. Meskunas, and "C.O.s Jhon Doe." *Id*. at 3. Plaintiff seeks an award of damages. *Id*. at 7.[2]

Upon review, the Court finds that plaintiff has not set forth in the body of his complaint the factual allegations he relies on in support of his claims that the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Rather, plaintiff states that he intends to provide the relevant facts in an amended complaint and requests leave to submit a further pleading. Compl. at 5. According to

---

[1] Plaintiff states that "it took two years four months to get an mri two years seven months to get physical therapy." Compl. at 5.

[2] Franklin C.F. is listed as a defendant in the caption of the complaint, although it is not included in the listing of parties. *See* Compl. at 1, 3-4. It is well-settled that a state correctional facility, which has no separate legal existence and is generally referred to as a "branch" of DOCCS, enjoys Eleventh Amendment immunity from claims for money damages in a Section 1983 action. *See Rivera v. Goord*, 119 F. Supp.2d 327, 336 (S.D.N.Y. 2000). As a result, Franklin C.F. is dismissed as a defendant herein.

plaintiff, he "fear[ed his] records would be destroyed by corrections officers" and therefore sent them "home" in anticipation of his release. *Id*. Plaintiff further states that he filed his original barebones complaint because he needed to commence this action "before the statute of limitations runs out." *Id*.[3]

Where, as here, plaintiff has not alleged any facts in the body of the complaint establishing how the defendants were responsible for the alleged violations of his constitutional rights, the complaint as drafted does not comply with the "minimum pleading standards set forth in Rule 8(a)." *Wynder*, 360 F.3d at 79; *see also Iqbal*, 556 U.S. at 664 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court therefore finds that the allegations in the complaint "are so vague as to fail to give the defendants adequate notice of the claims against them." *Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009); *see also* Fed. R. Civ. P. 8(a)(2).

The Second Circuit has held that a district court "should not dismiss [a pro se plaintiff's complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation omitted). In addition, the filing of an amended complaint in this action is authorized by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading, and within other specified

---

[3] Plaintiff's complaint, signed and notarized on August 11, 2017, was postmarked October 4, 2017 and received by the Clerk for filing on October 6, 2017. *See* Compl. at 7; Dkt. No. 1-2 (envelope). The Court makes no findings regarding the timeliness of plaintiff's claims.

time limitations not here relevant.  Fed. R. Civ. P. 15(a)(1).[4]

In light of the foregoing, plaintiff is afforded the opportunity to submit an amended complaint if he wishes to pursue his claims in this action.  Any amended complaint must set forth a short and plain statement of the facts plaintiff relies on in support of his claim that specific individuals named as defendants in that pleading engaged in acts of misconduct or wrongdoing which violated his constitutional rights.  Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief herein.[5]

Plaintiff is advised that his failure to file an amended complaint within thirty (30) days of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further order of the Court.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that "Franklin Correctional Facility" is **DISMISSED** as a defendant in this Section 1983 action seeking money damages on Eleventh Amendment grounds; the Clerk shall modify the docket accordingly; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must file an amended

---

[4] Rule 15(a) states that in all other cases, the court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).

[5] Upon the filing of an amended complaint the Court will review the pleading and, if appropriate, issue an order directing service.  Because plaintiff has not requested leave to proceed in forma pauperis he will be responsible for effecting service of process on the defendants and paying the costs thereof.  *See generally* Fed. R. Civ. P. 4.

complaint **within thirty (30) days** of the filing date of this Decision and Order; and it is further

**ORDERED** that upon the filing of an amended complaint as directed above, the Clerk shall return the file to this Court for review; and it is further

**ORDERED** that in the event plaintiff fails to file a signed amended complaint **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff by regular mail; and it is further

**ORDERED** that the Clerk provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED.**

Dated: December 19, 2017
         Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge